

**SO ORDERED.**

**SIGNED this 6 day of December, 2012.**

_____
**James D. Walker, Jr.
United States Bankruptcy Judge**

UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | | |
|---|---|---|
| IN RE: | ) | CHAPTER 7 |
| | ) | CASE NO. 12-50962-JDW |
| MICHAEL C. RAY, | ) | |
| | ) | |
| DEBTOR. | ) | |

BEFORE

JAMES D. WALKER, JR.

UNITED STATES BANKRUPTCY JUDGE

<u>COUNSEL</u>

For Debtor:    Christopher W. Terry
               577 Mulberry Street, Suite 800
               Macon, Georgia 31201

For Trustee:   Thomas D. Lovett
               Post Office Box 1164
               Valdosta, Georgia 31603

**MEMORANDUM OPINION**

This matter comes before the Court on the Chapter 7 Trustee's motion to extend time to file an objection to discharge. This is a core matter within the meaning of 28 U.S.C. § 157(b)(2)(J). After considering the pleadings, the evidence, and the applicable authorities, the Court enters the following findings of fact and conclusions of law in conformance with Federal Rule of Bankruptcy Procedure 7052.

**Findings of Fact**

Debtor filed a Chapter 7 petition on April 11, 2012. Also on that date, the Clerk of Court issued a "Notice of Chapter 7 Bankruptcy Case, Meeting of Creditors, & Deadlines." The notice set the date for the meeting of creditors as May 16, 2012, and gave the bar date for objecting to discharge or dischargeability of a debt as July 16, 2012. William Flatau was appointed Chapter 7 Trustee, and he held the meeting of creditors as scheduled. On June 25, 2012, Mr. Flatau resigned as Trustee due to a potential conflict, and Walter Kelley was appointed as the successor Trustee. On June 27, 2012, the Clerk of Court issued a second "Notice of Chapter 7 Bankruptcy Case, Meeting of Creditors, & Deadlines." The new notice set the date for the meeting of creditors as August 1, 2012, and gave a bar date for objections to discharge or dischargeability of a debt as October 1, 2012. Mr. Kelley held the second meeting of creditors as scheduled.

On October 1, 2012, the Trustee filed a motion to extend the time to object to discharge through December 3, 2012. Debtor contested the motion on the ground that it was not timely filed. The Court held a hearing on the motion on November 16, 2012. Counsel for Debtor and the Trustee appeared. Also appearing was counsel for RES-GA HGP, LLC, which filed a complaint

objecting to Debtor's discharge on October 1, 2012 (adversary proceeding no. 12-5084). Debtor has filed a motion to dismiss the complaint on the ground that it was untimely. A hearing on the motion to dismiss is scheduled for December 17, 2012. However, the outcome of the motion to dismiss likely will be determined by the outcome of the Trustee's motion to extend.

At the conclusion of the November 16, 2012, hearing, the Trustee orally modified his motion to request an extension of time to file an objection to discharge through January 3, 2013. The Court allowed the modification and gave the parties 15 days from the hearing date to file supplemental briefs.

Having considered the facts and the legal authorities, the Court will use its equitable power to accept the Trustee's motion to extend the time to file objections to discharge and will grant the Trustee's motion to extend the time to file to January 3, 2013.

## Conclusions of Law

### The Trustee's Motion Is Untimely

The time for filing an objection to discharge is governed by Federal Rule of Bankruptcy Procedure 4004, which provides, "In a chapter 7 case, a complaint, or motion under § 727(a)(8) or (a)(9) of the Code, objecting to the debtor's discharge shall be filed no later than 60 days after the <u>first date</u> set for the meeting of creditors under § 341(a)." Fed. R. Bankr. P. 4004(a) (emphasis added). Bankruptcy Rule 2002(f)(4) requires the clerk or some other person directed by the court to provide creditors with notice of "the time fixed for filing a complaint objecting to the debtor's discharge[.]" Id. 2002(f)(4). The Court may extend the time to file an objection to discharge upon the motion of a party in interest if the motion to extend is "filed before the time

3

has expired." Id. 4004(b)(1). Under Rule 9006(b)(3), the Court may not enlarge the time to file an objection to discharge except as provided in Rule 4004. Id. 9006(b)(3).

In this case, the first date set for the meeting of creditors was May 16, 2012. Thus, the deadline for objecting to discharge, calculated in accordance with the Rule 4004(a), was July 16, 2012. Because Rule 4004(b)(1) only allows an extension of time "[o]n motion of any party in interest," the Court cannot sua sponte extend the bar date. Therefore, the second notice issued by the Clerk's Office does not serve as a court-ordered extension in accordance with the Bankruptcy Rules. As a result, the Trustee's October 1, 2012, motion to extend the time for filing complaints was filed after the expiration of the bar date and is untimely. At issue is whether there is some equitable basis for allowing the Trustee's untimely motion.

Acceptance of an Untimely Motion Under the Court's Equitable Power

Debtor argues that pursuant to the Eleventh Circuit's decision in Byrd v. Alton (In re Alton), 837 F.2d 457 (11th Cir. 1988), Bankruptcy Rules 4004 and 4007[1] are mandatory and do not allow the court any discretion to grant a late-filed motion to extend the time to file an objection to discharge. In Alton, the creditor received actual notice of the debtor's bankruptcy filing but did not receive the court's notice of the bar date for filing complaints to determine the dischargeability of a debt because the debtor omitted the creditor from his schedules. Id. at 458.

---

[1] The bar date for filing a complaint to determine the dischargeability of a debt is set by Rule 4007(c), which uses language substantially similar to the language in Rule 4004. Under Rule 4007, "a complaint to determine the dischargeability of a debt under § 523(c) shall be filed no later than 60 days after the first date set for the meeting of creditors." Fed. R. Bankr. P. 4007(c). The bar date may be extended for cause upon the motion of a party in interest if the motion is filed prior to the expiration of the bar date. Id.

The creditor filed an untimely motion to extend the bar date, which the bankruptcy court denied. Id. The circuit court affirmed. The court first considered and rejected the creditor's equities argument for allowing its untimely motion. Id. Although the creditor did not receive notice of the bar date due to the debtor's omission, the creditor did have actual notice of the bankruptcy filing, which provided the creditor with sufficient information to protect his rights. Id. "[T]he time specifications set out in the Bankruptcy Code are sufficiently clear to have placed an obligation on creditor Byrd to follow the case and to take the timely action necessary to pursue his claim." Id. at 459. The court next considered the creditor's statutory argument. The creditor contended that because the court did not provide him with 30 days notice of the bar date as required by Rule 4007(c), then his motion for an extension of time was not governed by the Rule. Id. at 458. Again, the court disagreed, noting that the provisions of Rule 4007 "'are mandatory and do not allow the Court any discretion to grant a late filed motion to extend time to file a dischargeability complaint.'" Id. at 459 (quoting In re Maher, 51 B.R. 848, 852 (Bankr. N.D. Iowa 1985)) (emphasis in original). Thus, Alton arguably can be read as requiring mandatory adherence to the Rules only in the absence of compelling equitable considerations.

In fact, the Eleventh Circuit has acknowledged that the Supreme Court's decision in Kontrick v. Ryan,[2] 540 U.S. 443, 124 S. Ct. 906 (2004), "expressly left open whether equitable

---

[2] At issue in Kontrick was whether or not the debtor had waived his right to contest an objection to discharge on the ground that it was untimely, when the debtor first raised the timeliness issue after a decision on the merits. 540 U.S. at 446, 124 S. Ct. at 910. The Court held that the bar deadline in Rule 4004 is not jurisdictional and can, therefore, be waived. Id. at 447, 124 S. Ct. at 910. In this case, the Trustee argued that Kontrick called into question the reasoning of Alton. Although Alton describes the requirements of Rule 4007 as "mandatory," it does not in any way suggest that the bar date set by Rule 4007 implicates a bankruptcy court's subject matter jurisdiction or that it could be raised as a defense after the cause of action is fully litigated. Therefore, Alton does not conflict with Kontrick and remains good law.

5

grounds ever may afford relief from the deadlines set out in Bankruptcy Rules 4004 and 4007." Alabama Dep't of Econ. and Cmty. Affairs v. Lett, No. 09-11871, 2010 WL 960066, at *3 n.3 (11th Cir. March 18, 2010) (unpublished).[3] In Lett, the debtor filed a Chapter 11 petition, which was followed by the court's "Notice of Chapter 11 Bankruptcy Case, Meeting of Creditors, & Deadlines." The notice set the date for the meeting of creditors as May 13, 2004. The section of the notice giving the deadline for filing objections to discharge or dischargeability of a debt was left blank. The creditor's attorney contacted the clerk's office to inquire about the missing bar date and was informed no date had been set. On March 24, 2005–ten months after the first date set for the meeting of creditors–the creditor, who had not requested an extension of the bar date, filed a complaint to determine the dischargeability of its debt. The bankruptcy court dismissed the complaint as untimely, while noting that "no sufficient case has been made for equitable tolling[.]" Id. at *1-2, *3 n.3 (emphasis added). The circuit court affirmed on the ground that the case was controlled by its decision in Durham Ritz, Inc. v. Williamson (In re Williamson), 15 F.3d 1037 (11th Cir. 1994).

The facts in Williamson are similar to those in Lett. Both involved Chapter 11 debtors, and both involved a clerk's notice that set a specific date for the meeting of creditors but failed to give a deadline for filing complaints objecting to discharge or dischargeability of a debt. In Lett the space for a deadline was left blank, but in Williamson, the notice said the deadline was "to be set." 15 F.3d at 1039. The creditor filed a complaint to determine dischargeability of its debt 16 days after the deadline as calculated under Rule 4007 had expired. The bankruptcy court

---

[3] "Unpublished opinions are not considered binding precedent, but they may be cited as persuasive authority." 11th Cir. R. 36-2.

dismissed the complaint as untimely. Id. The circuit court affirmed, stating, "The fact the notice stated that the deadline was 'to be set' does not relieve [the creditor] of its duty to file within the time period prescribed by Rule 4007. ... [The creditor] acted unreasonably in waiting for subsequent notice instead of following the clear requirements of Rule 4007." Id. The court cited Alton for the proposition that actual notice of the case imposes a duty on the creditor to protect its rights, even where the clerk fails to provide at least 30 days notice of the bar date, as required in Rule 4007(c). Id. The court also pointed out that "[t]his is not a case where the creditor relied on an incorrect date given by the court." Id. Furthermore, the equities did not favor allowing the untimely complaint because it was the creditor's "inaction and not any action by Morrison or the court that caused the filing to be late." Id.; accord Neeley v. Murchison, 815 F.2d 345, 347 and n.5 (5th Cir. 1987) (where clerk provides date for meeting of creditors but no bar date for objecting to dischargeability, an untimely complaint will be dismissed; the court distinguished the case from one in which the clerk provides an erroneous date, in which case the creditor might reasonably rely on the incorrect bar date).

The Eleventh Circuit's language in Williamson suggests that where the court supplies an incorrect bar date, the equities may favor allowing an untimely complaint. Such a conclusion is consistent with the other circuit courts to consider the issue. The Sixth, Eighth, Ninth, and Tenth Circuits have allowed untimely complaints that were filed prior to expiration of an incorrect bar date provided by the bankruptcy court clerk's office.[4] Moss v. Block (In re Moss), 289 F.3d 540

---

[4] In addition, the Fourth Circuit allowed the bankruptcy court to accept an untimely motion to extend the bar date for filing a complaint to determine dischargeability of a debt where the court had previously granted an extension but failed to notify the creditor of the new deadline. Litty v. Litty (In re Litty), 155 F.3d 559, 559 (4th Cir. 1998) (unpublished). And, the Fifth Circuit allowed the trustee's untimely objection to discharge "where an objecting party has

7

(8th Cir. 2002); Nicholson v. Isaacman (In re Isaacman), 26 F.3d 629 (6th Cir. 1994); Themy v. Yu (In re Themy), 6 F.3d 688 (10th Cir. 1993); Anwiler v. Patchett (In re Anwiler), 958 F.2d 925 (9th Cir. 1992). In fact, two circuits have gone so far as to hold that a bankruptcy court abuses its discretion if it refuses to allow the complaint in such circumstances. Issacman, 26 F.3d at 636; Anwiler, 958 F.2d at 929.

In Moss, the clerk's office issued a notice of the debtor's Chapter 7 bankruptcy filing that set the meeting of creditors for September 2 and set the bar date for discharge objections as November 2. The debtor failed to appear at the meeting of creditors, but two creditors appeared and made allegations of fraud. Because the bankruptcy court was troubled by the allegations, the judge sua sponte entered an order extending indefinitely the bar date for discharge objections. The trustee filed an objection to discharge approximately 5 months after the original deadline. The debtor argued the complaint was untimely. The bankruptcy court found that its extension of the deadline was erroneous, but relied on 11 U.S.C. § 105(a)[5] to allow the complaint. 289 F.3d at 541-42. The circuit court affirmed: "We conclude the bankruptcy court had authority under section 105(a) to accept the untimely complaint, because it was untimely due to the court's own error." Id. at 542.

Issacman and Anwiler both involved the clerk's office issuing a second, erroneous notice

---

relied on the court's scheduling orders, even where those orders contain incorrect deadlines." McKenzie v. Kukui, Inc. (In re McKenzie), 209 F.3d 719, 719 (5th Cir. 2000) (unpublished).

[5] "The court may issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of this title. No provision of this title providing for the raising of an issue by a party in interest shall be construed to preclude the court from, sua sponte, taking any action or making any determination necessary or appropriate to enforce or implement court orders or rules, or to prevent an abuse of process." 11 U.S.C. § 105(a).

8

of the bar date for objecting to dischargeability after the case was transferred to a new venue. In Issacman, the debtor originally filed his Chapter 7 case in the Northern District of Georgia. The clerk's notice set the meeting of creditors for April 28 and the bar date for June 29. The meeting of creditors was held as scheduled. On June 1, the case was transferred to the Western District of Tennessee. The clerk for that court sent a new notice, setting the meeting of creditors for July 22 and the bar date for September 21. The creditor's attorney called the clerk's office to ask whether there was a new bar date for objections to dischargeability and was advised that there was a new date. The creditor filed a complaint to determine the dischargeability of its debt on September 21. The debtor argued the complaint was untimely. The bankruptcy court agreed with the debtor and dismissed the complaint. 26 F.3d at 630-31. The circuit court reversed, finding that the bankruptcy court may rely on § 105(a) to accept an untimely complaint. Id. at 632.

> [I]f the bankruptcy court erroneously sets a second bar date for the filing of complaints to determine the dischargeability of a debt and if a creditor, reasonably relying on that second date, files a complaint before the expiration of the second bar date, the bankruptcy court should exercise its equitable powers and permit the complaint to proceed. To hold otherwise, we believe, would create an unjust result because parties are entitled to rely on information issued by bankruptcy courts.

Id. The court further held that because the creditor reasonably relied on information provided by the clerk's office, the bankruptcy court abused its discretion in failing to accept the complaint. Id. at 636. Reliance on the notice from the clerk's office was reasonable because the clerk of the bankruptcy court and his staff are officials of the court, and it is the clerk rather than the judge who "is obligated under the bankruptcy rules to notify creditors of the time fixed for filing a

complaint to determine the dischargeability of a debt."[6] Id. at 634.

In Anwiler, the debtor filed a Chapter 7 petition in the Central District of California. The clerk's office issued a notice of bankruptcy filing setting the meeting of creditors for March 22 and the bar date as May 23. The case was transferred to the Southern District of California in March.[7] The clerk of the Southern District issued a second notice, setting a new meeting of creditors and setting the bar date as June 20. On June 19, the creditors filed a complaint objecting to discharge and to the dischargeability of their debt. The debtor argued the complaint was untimely. The bankruptcy court dismissed the complaint. 958 F.2d at 926. The bankruptcy appellate panel reversed on the ground that the bankruptcy court may invoke § 105(a) to correct its mistake if a party detrimentally relied on the mistake. Id. The circuit court affirmed the BAP. It noted that denial of equitable relief when neither party was at fault for the late filing would produce a harsh result. Id. at 929. The debtor is in the better position to bear the loss "'because he had notice of the erroneous date and had greater incentive to examine and correct the notice.'" Id. (quoting Brown v. Sibley (In re Sibley), 71 B.R. 147, 149 (Bankr. D. Mass. 1987)). The court ultimately concluded that "the Bankruptcy court had the equitable power to permit [the

---

[6] Debtor has argued that a deadline for filing objections to discharge that is issued with the trappings of a court order over the signature of the bankruptcy judge is factually distinct from a deadline issued as a notice from the bankruptcy court clerk. Debtor cites P.S.T.C. Employees Federal Credit Union v. Kearney (In re Kearney), 105 B.R. 260 (Bankr. E.D. Pa. 1989) for the proposition that reliance on a purported court order that contradicts a bankruptcy rule is reasonable, but reliance on a similar notice from the clerk is not. Id. at 265. Issacman expressly rejected the reasoning in Kearney, because the circuit court was "unwilling to condone such an outright disregard for the statements issued by a clerk's office." 26 F.3d at 634. See also Oak Hollow South Assoc. v. Cortes (In re Cortes), 125 B.R. 418, 420 (E.D. Pa. 1991) (rejecting the reasoning in Kearney).

[7] The case does not provide the specific date of the transfer, nor does it indicate whether the first meeting of creditors was held prior to the transfer.

creditors'] complaint to proceed in spite of its untimely filing" and "it would be an abuse of discretion in the circumstances of this case to dismiss [the creditors'] complaint on the grounds that it was untimely filed." 958 F.2d at 929.

In Themy, the debtor filed a Chapter 7 petition, and the court issued a notice of bankruptcy filing setting the meeting of creditors for October 22 and setting the bar date for December 21. The creditor's attorney attended the meeting of creditors, which was continued. The court issued a second notice giving the date of the continued meeting and setting a new bar date of February 15. The creditor filed a complaint to determine dischargeability of his debt on February 14. The debtor argued the complaint was untimely. The bankruptcy court disagreed and allowed the complaint because "a creditor is entitled to rely on information sent out by the clerk's office even though it is contrary to the rules when it leads him to defer action otherwise required." 6 F.3d at 689. The circuit court affirmed on the ground that "[a] court has the inherent equitable power to correct its own mistakes," and such power is recognized in § 105(a). Id. Thus, "when the court's act affirmatively misleads the creditor as to a deadline, the court bears responsibility for correcting its error. A creditor should be entitled to rely on the court's orders." Id. at 690.

In addition to the circuit court cases, Judge Laney has held that an error by the clerk's office is grounds to allow a late-filed complaint to determine dischargeability of a debt. First Columbus Cmty. Bank & Trust Co. v. Kurth (In re Kurth), 116 B.R. 309, 310 (Bankr. M.D. Ga. 1990). In Kurth, the clerk's office sent out a first notice of Chapter 13 bankruptcy filing that set the first meeting of creditors for September 5, and stated the bar date for nondischargeability complaints was "not applicable." The case was converted to Chapter 7 prior to the meeting of

creditors, and the clerk's office sent out a second notice, setting the date for the meeting of creditors as October 19, and the bar date for dischargeability complaints as December 19. The creditor filed a complaint to determine the dischargeability of its debt on December 19, which the debtor argued was untimely. Id. at 309-10. The court acknowledged that the time limits in Rule 4007 are usually strictly enforced. Id. at 310. Nevertheless it invoked § 105(a) to accept the untimely complaint because the creditor had "relied on the notice issued by the Clerk's Office, and had no knowledge that the bar date had not been extended[.]" Id. (citing Dwyer v. Hershkovitz (In re Hershkovitz), 101 B.R. 816, 819 (Bankr. N.D. Ga. 1989)).

Against this weight of authority, Debtor argues that the Court's equitable power under § 105(a) is limited and should not be applied to avoid a strict application of Rule 4004. However, the Court is persuaded by the reasoning of the circuit courts that have considered this issue. A party cannot be expected to analyze all communications from the clerk's office for any statements that might be in conflict with the Bankruptcy Rules. When the clerk's office is carrying out duties imposed by the Rules, such as notifying interested parties of the deadline for filing objections to discharge, the recipients of such a notice may justifiably rely on the contents of the notice. The Court may use its equitable power to correct any errors that result.

Conclusion

The Court concludes the Trustee was justified in relying on the second notice issued by the Clerk's Office that set the deadline for objecting to discharge as October 1, 2012. Because the Trustee filed its motion to extend the deadline prior to expiration of the erroneous bar date, the Court will invoke its equitable authority under 11 U.S.C. § 105(a) to accept the late-filed motion.

Furthermore, the Court will grant the motion and extend the time to object to discharge until January 3, 2013.

An Order in accordance with this Opinion will be entered on this date.

END OF DOCUMENT